UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **CHARLES HEAD,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. GJH-22-238 |
| **UNITED STATES OF AMERICA,** *et al.*, | * | |
| **Defendants.** | * | |
| | *** | |

## MEMORANDUM ORDER

Self-represented Plaintiff Charles Head, who is presently incarcerated at the Federal Correctional Institution in Mendota, California ("FCI Mendota"), filed the above-captioned Complaint on January 31, 2022, alleging that, due to improper mitigation measures, he contracted COVID-19 during his incarceration at the at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland") and received inadequate medical care. ECF No. 1. Plaintiff also alleges intentional infliction of emotional distress based on Defendants' failure to treat his asthma, as well as invasion of privacy due to correctional staff opening his legal mail. *Id.*

On July 8, 2022, Defendants filed a Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment. ECF No. 17. Thereafter, Plaintiff opposed the Motion to Dismiss and requested discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. ECF Nos. 20, 21. On August 4, 2022, Defendants filed a Motion for Extension of Time to reply to Plaintiff's pleadings. ECF No. 26. Because Defendants subsequently filed their opposition to Plaintiff's Rule 56(d) request (ECF No. 29), their Motion for Extension of Time is granted, *nunc pro tunc*, in that regard. As Plaintiff has yet to respond to Defendants' Motion for Summary Judgment, Defendants shall have an opportunity to reply to Plaintiff's opposition at a later time.

In Plaintiff's Rule 56(d) request, he seeks: (1) declarations and prior medical records to show that he had asthma and COVID-19, and was treated by Dr. Moubarek while at FCI Cumberland; (2) a copy of the Federal Bureau of Prisons ("BOP") policies and regulations regarding COVID-19; (3) legal materials that were confiscated by an FCI Cumberland officer from Plaintiff's cell in February 2022; (4) information regarding Plaintiff's legal papers that were allegedly sent to FCI Mendota, following his transfer, in April 2022; (5) information regarding Plaintiff's prior claim under the Federal Tort Claims Act ("FTCA"); (6) information regarding a civil action pending in the U.S. Court of Claims related to the BOP's COVID-19 policies; (7) declarations of other inmates regarding their experience with COVID-19 while at FCI Cumberland; (8) the declaration of a medical expert regarding the proper standard of care for COVID-19; (9) documentary evidence to show that diagnosis of asthma should be made by a specialist; (10) copies of Plaintiff's emails sent to and received from BOP staff; and (11) video recordings to show that FCI Cumberland officers failed to follow COVID-19 policies. ECF No. 20-1.

Federal Rule of Civil Procedure 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may:
>
> (1) Defer considering the motion or deny it;
> (2) Allow time to obtain affidavits or declarations or to take discovery; or
> (3) Issue any other appropriate order.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty*

*Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). "This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Ahmed v. Salvation Army*, No. CCB-12-707, 2012 WL6761596, at *10 (D. Md. Dec. 28, 2012) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir.2006)), *aff'd*, 549 F. App'x 196 (4th Cir. 2013).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011), *rev'd on other grounds*, *Gardner v. Ally Fin. Inc.*, 514 Fed. App'x 378 (4th Cir. 2013). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

First, Plaintiff seeks to obtain a declaration from an unidentified person in Health Services to refute Defendants' assertion that Plaintiff did not suffer from asthma. ECF No. 20-1 at 1-2.

Plaintiff asserts that the declaration would show that he requested asthma treatment upon his arrival at FCI Cumberland. *Id.* As Defendants correctly note, however, even if Plaintiff can show that he complained of wheezing and requested an inhaler when he first arrived at FCI Cumberland, it would not refute Defendants' medical evaluation that, under clinical guidelines and reviewing a chest x-ray, Plaintiff does not suffer from asthma. ECF No. 29 at 4. Because Plaintiff's purported requests for asthma treatment does not show that he has asthma, the evidence requested would not create a genuine issue of material fact; nor would it show a lack of proper medical care.

Plaintiff also seeks to subpoena his medical records from a non-BOP facility where he was previously incarcerated to show his history of asthma. ECF No. 20-1 at 2. According to Defendants, these medical records are not in BOP's possession and thus cannot provided in discovery. ECF No. 29 at 5. Accordingly, Plaintiff's request shall be denied. With regard to Plaintiff's request for medical records to show that he suffered from COVID-19 and was treated by Dr. Moubarek while he was housed in FCI Cumberland, discovery is not necessary as Defendants do not dispute these statements. *See* ECF no. 17-1 at 10-11.

Next, Plaintiff seeks to obtain BOP policies and regulations regarding COVID-19. ECF No. 20-1 at 3. Such documents, however, are available to Plaintiff without the need for discovery. As Plaintiff has not stated what steps he has taken to obtain them, his request shall be denied.

Plaintiff seeks to subpoena legal materials that an FCI Cumberland officer purportedly removed from his cell in February 2022 and failed to return. ECF No. 20-1 at 3. Plaintiff states that the "papers consisted of an entire file of evidence [he] compiled" concerning his asthma and COVID-19. *Id.* Similarly, he seeks "legal papers . . . material to [his] instant Complaint" that were allegedly sent from FCI Cumberland to FCI Mendota around April 6, 2022. In both instances, Plaintiff fails to describe the contents of the legal materials and papers, and he does not indicate

what steps he has taken to obtain such documents. On this record, therefore, the Court cannot grant Plaintiff's requests. In any event, Defendants note that Plaintiff received his property at FCI Mendota on August 2, 2022, during which time he signed a receipt indicating that he "received all his legal material" comprised of four boxes of "personal papers/legal." *See* ECF No. 29-1.

Next, Plaintiff seeks discovery of the "other FTCA (SF-95 form) claim I presented" to the BOP, which "Misty Shaw failed to submit." ECF No. 20-1 at 3-4. Again, Plaintiff fails to indicate how this document is relevant and what steps he has taken to obtain the form, especially since he authored it. As such, his request shall be denied.

Lastly, Plaintiff seeks "all of the emails" he sent to and received from BOP staff and video recordings showing that FCI Cumberland staff failed to follow mandatory COVID-19 policies and procedures. ECF 20-1 at 7-8. As to the former, any emails from and to Plaintiff were available to Plaintiff and are not in the exclusive control of Defendants. *See, e.g.*, Fed. R. Civ. P. 26(b)((2)(C)(i) (requiring court to limit discovery if it determines that the discovery sought can be obtained from some other source that is less burdensome). Thus, the request is denied. With regard to the latter, Plaintiff does not specify the relevant time period of any purported video recordings, nor the specific staff conduct he seeks to show. As such, his request is precisely the type of fishing expedition that courts have disallowed and must be denied here.

Having determined that Plaintiff has failed to establish the need for discovery for purposes of opposing Defendants' pending dispositive Motion, his request pursuant to Rule 56(d) shall be denied.

In addition to his discovery requests, Plaintiff seeks additional time to obtain declarations he alleges were filed in a separate identified action pending in the U.S. Court of Claims; a declaration of a fellow inmate at FCI Cumberland who was hospitalized in January 2022;

5

declarations from other inmates at FCI Cumberland who will attest to Defendants' purported failure to follow BOP COVID-19 policies; a declaration of a medical expert stating that Defendants breached the standard of care with regard to Plaintiff's asthma and COVID-19; and documentary evidence that diagnosis of asthma should be conducted by a specialist, to show that Defendant Gera was not qualified to provide an asthma diagnosis. ECF No. 20-1 at 4-6. To that end, on November 14, 2022, Plaintiff filed a separate Motion for Extension of Time in which to respond to Defendants' Motion for Summary Judgment. ECF No. 31. That Motion shall be granted, and Plaintiff shall file his response by January 1, 2023.

Accordingly, it is this 9th day of December, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' Motion for Extension of Time (ECF No. 16) IS GRANTED, *nunc pro tunc*;

2. Plaintiff's Request for Discovery pursuant to Rule 56(d) IS DENIED;

3. Plaintiff's Motion for Extension of Time (ECF No. 31) IS GRANTED;

4. Plaintiff SHALL RESPOND to Defendants' Motion for Summary Judgment by January 1, 2023; and

5. The Clerk SHALL SEND a copy of this Order to Plaintiff and TRANSMIT same to counsel.

GEORGE J. HAZEL
United States District Judge