UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **CHARLES HEAD,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No. GJH-22-238 |
| **UNITED STATES OF AMERICA,** *et al.*, | * | |
| **Defendants.** | * | |
| | *** | |

## MEMORANDUM ORDER

While incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), self-represented Plaintiff Charles Head filed the above-captioned Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), claiming that due to improper mitigation measures, he contracted COVID-19 at FCI Cumberland and received inadequate medical care. ECF No. 1. Plaintiff also alleges intentional infliction of emotional distress based on Defendants' failure to treat his asthma, as well as invasion of privacy due to correctional staff opening his legal mail. *Id.* at 23-27. He seeks a declaratory judgment, injunctive relief, and monetary damages. *Id.* at 31-32.

On February 28, 2022, while the matter was pending, Plaintiff filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). ECF No. 6. By correspondence dated May 13, 2022, he informed the Court of his transfer to FCI Mendota in Mendota, California. ECF No. 10. On June 2, 2022, Defendants opposed Plaintiff's Motion for TRO and PI and, on July 8, 2022, they filed a Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment as to claims brought against them in their official capacity.

ECF No. 17.  By Order dated July 21, 2022, the Court denied Plaintiff's Motion for TRO and PI.  ECF No. 19.

Thereafter, Plaintiff opposed Defendants' Motion to Dismiss and requested discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure with regard to the summary judgment motion.  ECF Nos. 20, 21.  Defendants responded to both pleadings,[1] and their attorney accepted service on behalf of each Defendant in their individual capacity.  ECF No. 29.  Plaintiff then filed a Motion for Reconsideration of the Court's Order denying a TRO and PI.  ECF No. 27.

By Order dated December 9, 2022, the Court denied Plaintiff's Rule 56(d) motion and granted him until January 1, 2023, to reply to Defendants' dispositive motion in its entirety.  ECF No. 32.  Subsequently, Plaintiff renewed his Motion for Discovery under Rule 56(d) and requested an extension of time to reply to Defendant' motion.  ECF No. 33.

For the reasons that follow, Plaintiff's claims for injunctive relief shall be dismissed without prejudice, and Defendants' Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment shall be denied, without prejudice, subject to refiling on behalf of the Defendants in both their official and individual capacities.  Plaintiff's Motion for Reconsideration of the Court's July 21, 2022 Order shall be denied.  Plaintiff's second Motion for Discovery, construed as a motion to reconsider the Court's Order dated December 9, 2022, shall also be denied.  Defendants will be directed to file their renewed responsive pleading by March 21, 2023, and Plaintiff will be granted until April 28, 2023, to respond.

## Motion to Dismiss or for Summary Judgment

Defendants have filed a Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment.  ECF No. 17.  In his response to the Motion to Dismiss, Plaintiff concedes

---

[1] Before responding, Defendants filed a Motion for Extension of Time to reply to Plaintiff's pleadings.  ECF No. 26.  That motion is granted, *nunc pro tunc*.

that due to his transfer to FCI Mendota, his claims for injunctive relief "related to COVID-19 and his confinement at FCI Cumberland are now moot." ECF No. 21 at 2. As such, those claims shall be dismissed without prejudice.

With regard to Plaintiff's remaining claims, the pending Motion has been filed on behalf of Defendants only in their official capacity. ECF No. 17. Indeed, part of the Motion asserts that "Plaintiff failed to effect service on the individual defendants." ECF No. 17-1 at 30. In light of the fact that service has since been accepted on behalf of each Defendant in their individual capacity, and because Plaintiff has yet to respond to Defendants' alternative summary judgment motion, the Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment shall be denied, without prejudice, subject to refiling on behalf of the Defendants in both their official and individual capacities. Defendants will be directed to file their renewed responsive pleading by March 21, 2023, and Plaintiff will be granted until April 28, 2023, to respond.

## Motion for Reconsideration

Also pending is Plaintiff's Motion for Reconsideration of the Court's July 21, 2022 Order (ECF No. 19) denying his Motion for TRO and PI (ECF No. 6), wherein he sought the return of legal materials that were previously seized at FCI Cumberland. ECF No. 27. In denying the Motion, the Court concluded that Plaintiff's request was moot because he had been transferred to another facility and the legal materials were returned to him. ECF No. 19.

The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Rule 54(b) governs motions to reconsider interlocutory orders, while Rules 59(e) and 60(b) govern motions to reconsider final judgments. *See Fayetteville Inv'rs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Because the Court has not yet entered a final

judgment in this case, Plaintiff's Motion is more appropriately construed as one for reconsideration under Rule 54.

Pursuant to Rule 54, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b) is at the sound discretion of the district court. *See Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Although the Rule 54(b) standard is not as exacting as the Rule 59 and 60 standard, *see Fayetteville Inv'rs*, 936 F.2d at 1472, revisiting earlier rulings is still "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again,'" *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964). Indeed, "[i]t is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it." *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Thus, a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). Otherwise, "there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court." *Potter*, 199 F.R.D. at 553.

Here, Plaintiff argues that the Court should reconsider its prior ruling because he still has not received his legal materials, which includes "records" and "[a]ll of the evidence [he] procured concerning the instant action." ECF No. 27-1. However, Plaintiff acknowledges that he was

previously given access to such legal materials. *Id.* In any event, Plaintiff has not provided details regarding the contents of these documents and how they pertain to the instant case. Likewise, he now seeks the return of contact lenses, medication, and property valued over $1,000, all of which seem to be unrelated to the underlying claims. *Id.* In light of the foregoing, the Court finds no basis to reconsider its prior ruling. Thus, the Motion for Reconsideration shall be denied.

## Motion for Discovery

Plaintiff has filed another Motion for Discovery under Rule 56(d), his first one having been denied by this Court. ECF No. 33. Alternatively, he seeks an extension of time to gather documents to support his response to Defendants' Motion for Summary Judgment. *Id.* Because Plaintiff seeks "some of the same discovery previously requested with additional reasons and clarification," the Court construes the motion as one for reconsideration of its Order dated December 9, 2022. As stated above, Rule 54(b) governs motions to reconsider interlocutory orders, and reconsideration under that Rule is at the sound discretion of the district court. *See Am. Canoe Ass'n, Inc.*, 326 F.3d at 515.

Defendants correctly note that Plaintiff has repeatedly sought various documents, either through his Motion for TRO and PI (ECF No. 6), Motion for Discovery (ECF No. 20), or Motion to Compel (ECF No. 23). ECF No. 34. In adjudicating those motions, the Court has granted Plaintiff several extensions of time in which to respond to Defendants' dispositive motion. *See* ECF Nos. 19, 28, 32. Although Plaintiff's response was originally due by August 5, 2022, he was most recently given until January 1, 2023, to file his opposition. ECF No. 32. Instead of filing his response, however, Plaintiff instead renewed his Motion for Discovery under Rule 56(d) and requested another extension of time. ECF No. 33. By his own admission, Plaintiff requests the same materials, albeit with additional explanations. As this Court previously stated, "[i]t is hard

to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it." *Potter*, 199 F.R.D. at 553. The Court agrees with Defendants that although Plaintiff provides additional clarification in support of his latest discovery request, he fails to allege any intervening events since his first request that would now warrant granting the relief he seeks. As such, Plaintiff's motion to reconsider the denial of his Motion for Discovery shall be denied.

Plaintiff's request for an extension of time is granted to the extent he has until April 28, 2023, to respond to any responsive pleading filed by Defendants in their official and individual capacities. No further extensions will be granted to any party absent exceptional circumstances.

Accordingly, it is this 22nd day of February, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's claims for injunctive relief are **DISMISSED** without prejudice;

2. As to the remaining claims, Defendants' Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment, ECF No. 17, is **DENIED** without prejudice;

3. Defendants' Motion to Extend Time, ECF No. 26, is **GRANTED**, *nunc pro tunc*;

4. Plaintiff's Motion for Reconsideration of the Court's July 21, 2022 Order, ECF No. 27, is **DENIED**;

5. Plaintiff's Motion for Discovery, ECF No. 33, construed as a motion to reconsider the Court's December 9, 2022 Order, is **DENIED**;

6. Defendants shall **FILE** a responsive pleading that addresses the claims brought against them in their official and individual capacities by **March 21, 2023**, and Plaintiff is **GRANTED** until April 28, 2023, to respond to such pleading; and

7. The Clerk shall **MAIL** a copy of this Memorandum Order to Plaintiff and **ELECRONICALLY TRANSMIT** same to counsel for Defendants.

\_\_\_\_\_/s/_____
GEORGE J. HAZEL
United States District Judge
